# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| CARROLL HAMILTON | CIVIL ACTION NO. 06-0967 |
| VS. | SECTION P |
| LYNN COOPER, WARDEN | JUDGE DOHERTY |
| | MAGISTRATE JUDGE METHVIN |

## *REPORT AND RECOMMENDATION*

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed by *pro se* petitioner Carroll Hamilton on or about June 9, 2006. Hamilton is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Avoyelles Correction Center, Cottonport, Louisiana where he is serving the 25 year hard labor sentence imposed following his 2003 conviction for first degree robbery in the Fifteenth Judicial District Court, Lafayette Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

Because the petition is time-barred under the provisions of §2244(d)(1)(A), it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

## *Background*

On November 5, 2002 petitioner was charged with armed robbery. [doc. 1-3, p. 5] Petitioner waived his right to trial by jury and proceeded to a bench trial. On May 14, 2003 the judge found defendant guilty of the lesser included offense of first degree robbery. [*id*.] A pre-sentence investigation was ordered and on some unspecified date petitioner was sentenced to

serve twenty-five years at hard labor without benefit of parole. [*id*.] On September 11, 2003 petitioner filed a motion to reconsider sentence which was denied. [doc. 7-1, p. 2] On the following day petitioner moved for an appeal. [*id*.]

Counsel was appointed and petitioner appealed his conviction to the Third Circuit Court of Appeals where he argued four assignments of error – (1) insufficiency of the evidence; (2) excessive sentence; (3) failure of the trial court to comply with LSA C.Cr.P. art. 894.1 in fashioning sentence; and, (4) the trial court erred in denying the motion to reconsider sentence. [doc. 7-2, Exhibit A, pp. 2-17]

On May 26, 2004 the Third Circuit affirmed petitioner's conviction in an unpublished opinion. *State of Louisiana v. Carroll Hamilton*, 2003-01742 (La. App. 3 Cir. 5/26/2004), 876 So.2d 972 (Table). [doc. 7-2, Exhibit B, pp. 18-32] Copies of the unpublished opinion were apparently mailed to counsel and to the petitioner at the Lafayette Parish Prison. [*id*., p. 32] In a letter dated May 29, 2004, petitioner's court-appointed appellate attorney sent a copy of the opinion to petitioner at the Avoyelles Correctional Center, Cottonport, Louisiana. [doc. 7-2, Exhibit C] According to the petitioner, he received his appellate attorney's letter and a copy of the Third Circuit's opinion on June 9, 2004. [doc. 7-1, p. 2]

On July 13, 2004 petitioner presented his application for *certiorari* to prison officials for mailing to the Louisiana Supreme Court, and therefore, for the purposes of this Report, his application for *certiorari* was filed. [*id*.; doc. 7-2, Exhibit D][1]  On May 13, 2005 his writ

---

[1] In the "Motion to Amend Petition for Writ of *Habeas Corpus*" petitioner alleged that he tendered his writ application to prison authorities on July 14, 2004 [doc. 7-1, p. 2]; in the cover-sheet which identifies the writ application as Exhibit D, petitioner alleged that the application was filed in the Supreme Court on July 13, 2004. [doc. 7-2, p. 35] While petitioner's Certificate of Service is dated July 14, 2004 [*id*., p. 40], his verification was sworn to and notarized on July 13, 2004. [*id*., p. 41] Petitioner does not otherwise explain these discrepancies. Nevertheless, for the purposes of this Report, it will be assumed that petitioner delivered his pleading to prison

application was denied without comment by the Louisiana Supreme Court. *State of Louisiana ex rel. Carroll Hamilton v. State of Louisiana*, 2004-1983 (La. 5/13/2005), 902 So.2d 1005.

On June 9, 2006 petitioner filed his federal *habeas corpus* petition arguing a single claim for relief – "Insufficient Evidence to Convict" [doc. 1-1, p. 4].

## *Law and Analysis*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[2] The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.

---

authorities, and thus filed his pleading, at the earliest, on July 13, 2004. Under the "mailbox rule," that is clearly the earliest date that the pleading could be said to have been filed. In *State ex rel. Egana v. State*, 00-2351 (La.9/22/00), 771 So.2d 638, the Louisiana Supreme Court approved the use of the "mailbox rule" referred to in *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988), for *pro se* appeals. *Houston* held that a *pro se* prisoner's pleading is "filed" at the moment of delivery to prison authorities for forwarding to the district court. The earliest date the pleading could have been delivered to the prison authorities for mailing is the date petitioner signed the pleading and therefore, for the purposes of this Report, it is assumed that the date petitioner signed his pleading is the date he filed it. The writ application was post marked on July 20, 2004 and ultimately received and filed by the Supreme Court on August 3, 2004. [doc. 7-2, Exhibit F]

[2] Petitioner does not suggest that the period of limitation should be reckoned from the events described in subsections (B), (C), or (D) of §2244(d)(1). He does not allege the existence of an "impediment to filing ... created by State action..."; nor does he allege the existence of a retroactively applicable right newly recognized by the United States Supreme Court; nor does he allege the late discovery of the factual predicate of his claims.

*Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner timely appealed his conviction to the Third Circuit Court of Appeals. On May 26, 2004, his conviction and sentence were affirmed in an unpublished opinion. *State of Louisiana v. Carroll Hamilton*, 2003-01742 (La. App. 3d Cir. 5/26/2004), 876 So.2d 972 (Table). [doc. 7-2, Exhibit B, pp. 18-32] On May 29, 2004, petitioner's court-appointed appellate counsel mailed a copy of the Third Circuit's opinion to the petitioner. [doc. 7-2, Exhibit C] By his own admission, petitioner received the Third Circuit's opinion on June 9, 2004. [doc. 7-1, p. 2] However, petitioner waited until July 13, 2004 to file his *pro se* application for writ of *certiorari* in the Louisiana Supreme Court. [doc. 7-1, p. 2]

In his writ application, petitioner did not request reinstatement of his right to seek further direct review. [doc. 7-2, Exhibit D] On May 13, 2005 his writ application was denied without comment. *State of Louisiana ex rel. Carroll Hamilton v. State of Louisiana*, 2004-1983 (La. 5/13/2005), 902 So.2d 1005.

> Louisiana Supreme Court Rule X §5(a) provides,
>
> An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs ... <u>shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal</u>... <u>No extension of time therefor will be granted</u>. (emphasis supplied)

Uniform Rules, Courts of Appeal Rule 2-16.4 provides,

> In every case, one copy of the published or unpublished opinion, when rendered, shall be delivered or mailed to the trial judge, the clerk of the trial court, all appeal counsel of record, and all parties not represented by counsel.

As shown above, the Third Circuit's opinion was rendered on May 26, 2004. In the absence of any evidence to the contrary, the court is presumed to have followed its own rules and thus, the available evidence suggests that the court's opinion was mailed by the Clerk of the Third Circuit Court of Appeals to petitioner's court-appointed appellate counsel on the day it was rendered.

In any event, the evidence submitted by the petitioner establishes that the Third Circuit opinion was mailed to counsel, at the latest, on May 29, 2004 since that is the date of counsel's letter to petitioner. [doc. 7-2, Exhibit C] Furthermore, by his own admission, petitioner received notice of the Third Circuit's opinion on June 9, 2004. [doc. 7-1, p. 2] Giving the petitioner the benefit of every doubt, the undersigned concludes that the latest date that notice of judgment could be said to have been mailed by the Third Circuit Court of Appeals was June 9, 2004.

Under Rule X, petitioner had thirty days from that date within which to seek further review in the Louisiana Supreme Court; however, as shown above, he did not seek further direct review until July 13, 2003 when he tendered his application for *certiorari* to prison authorities for mailing to the Supreme Court. [see footnote 1, *supra*] Petitioner inexplicably missed the Rule X deadline and his application for certiorari was clearly untimely. Therefore, petitioner's judgment of conviction and sentence became final, for AEDPA purposes, on July 9, 2004, which was "...the date on which the judgment became final by ...the expiration of the time for seeking [direct] review..." [see 28 U.S.C. § 2244(d)(1)(A)] pursuant to Supreme Court Rule X, §5(a). See

also *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir.2003) (If petitioner stops the appeal process before taking the matter to the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires."); see also *McGee v. Cain*, 104 Fed. Appx. 989, 991 (5th Cir.2004) ( *per curiam* ), *cert. denied*, 543 U.S. 1162, 125 S.Ct. 1324, 161 L.Ed.2d 134 (2005) ("McGee's conviction became final for the AEDPA's limitations purposes on the date that the time expired for seeking a supervisory writ in the Louisiana Supreme Court ...")

Petitioner may suggest that although tardy, the July 13, 2004 filing of his Application for Writ of *Certiorari* had some effect on the reckoning of finality of judgment or the running of the limitations period. However, the Fifth Circuit's decision in *Salinas v. Dretke*, 354 F.3d 425 (5th Cir.), *cert. denied*, 541 U.S. 1032, 124 S.Ct. 2099, 158 L.Ed.2d 714 (2004) suggests otherwise. *Salinas* demands the finding that petitioner's conviction became final for the AEDPA's limitations purposes on the date that the time expired for seeking a supervisory writ in the Louisiana Supreme Court, not the date that the Louisiana Supreme Court ultimately denied the untimely writ application. In *Salinas*, the court, looking to Texas law, concluded that an out-of-time petition for discretionary review in the Texas appeals court is in the nature of *habeas* or post-conviction relief and that the grant of such relief "tolls [the] AEDPA's statute of limitations until the date on which the Court of Criminal Appeals declines to grant further relief, but it does not require a federal court to restart the running of [the] AEDPA's limitations period altogether." *Id.* at 430 (footnote omitted). As noted further, "... AEDPA provides for <u>only a linear limitations period, one that starts and ends on specific dates, with only the possibility that tolling will expand the period in between</u>. [citation omitted] ... nothing in AEDPA allows for a

properly initiated limitations period to be terminated altogether by collateral state court action. Rather, the statutory framework only provides for the tolling of limitations during the pendency of state collateral review. See§ 2244(d)(2)." *Id.* In other words, once petitioner's judgment became "final" it could not thereafter be "un-finalized" by the filing of untimely pleadings in the Supreme Court.

Furthermore, under Louisiana law, leave to file an out-of-time writ application is obtained only through the collateral review process. See *State v. Counterman*, 475 So.2d 336, 338-39 (La.1985) (the appropriate procedural vehicle for a defendant to seek the exercise of his right to appeal, after the time for filing an appeal has expired, is an application for post-conviction relief filed in the district court of conviction); *State v. Cage*, 637 So.2d 89, 90 (La.1994) (transfer to district court of out-of-time rehearing application filed in Louisiana Supreme Court with instructions to consider rehearing application as an application for post-conviction relief); *Williams v. Cain*, 217 F.3d 303, 308 (5th Cir.2000) (emphasizing that Louisiana Supreme Court Rule X, § 5(a), "sets out no specific exceptions to, or exclusions from, the [30-day-filing] requirement" and that the rule expressly "forbids any extension of the thirty-day limit").

Under the rationale set forth in *Salinas*, the AEDPA limitations period would be tolled only if petitioner sought and obtained leave to file the out-of-time writ request. See *Salinas*, 354 F.3d at 430. Petitioner did not seek permission to file an "out-of-time" writ and therefore, his untimely writ application in the Louisiana Supreme Court had no effect and could not toll the limitations period.[3]

---

[3] As stated above, under Louisiana law, in order to re-instate the right to lapsed appellate review, a petitioner must file an Application for Post-Conviction Relief seeking the restoration of such right. An application for post-conviction relief must be "...by written petition addressed to the district court for the parish in which the petitioner

Petitioner therefore had one year, or until July 9, 2005 (at the latest) to file for federal *habeas corpus* relief.[4] He cannot rely on the tolling provisions of 28 U.S.C. §2244(d)(2) because he did not seek post-conviction relief in the state courts. [doc. 1-1, paragraph 10]

Further, even if petitioner's untimely Supreme Court writ application could be considered "... a properly filed application for State post-conviction or other collateral review..." so as to toll the limitations period pursuant to §2244(d)(2), the evidence clearly establishes that the Supreme Court denied writs on May 13, 2005 and therefore, the writ ceased to be "pending." He did not file his federal *habeas corpus* petition until June 9, 2006. Thus, more than one un-tolled year elapsed between the date the Supreme Court denied writs and the date he filed his federal petition.[5]

---

was convicted..." See La. C.Cr.P. art. 926(a). Petitioner's untimely writ application, filed in the Louisiana Supreme Court, could not serve to toll prescription because it was not a "<u>properly</u> filed application for State post-conviction or other collateral review..."

The undersigned acknowledges that the Louisiana jurisprudence does, in limited circumstances, permit litigants the opportunity to file a petition for out-of-time *certiorari* directly in the Supreme Court. In *State v. Jacobs*, 504 So.2d 817, 818 at fn. 1 (La. 1987), Louisiana's Supreme Court granted such a motion and in so doing noted, "The court of appeal affirmed relator's conviction in May, 1983, and he did not seek timely review of that judgment. In October, 1985, relator in proper person filed a 'Motion for Delayed Appeal' in this court, raising the question of sufficiency of the evidence. <u>Since the request for review of the intermediate court's judgment was untimely, we treated the filing as an application for post-conviction relief. Although we generally require that such an application be filed in the district court, we noted that both lower courts had already ruled on the sufficiency issue. We therefore simply granted the application in order to provide further review of a seemingly meritorious claim.</u> See *State ex rel. Womack v. Blackburn*, 393 So.2d 1216 (La.1981)." The instant case is distinguishable – petitioner's untimely writ application did not seek reinstatement of lapsed rights.

[4] For AEDPA purposes, federal courts must look to <u>the date when a judgment becomes final, not the date when the petitioner becomes aware that the judgment is final</u>. *Crutcher v. Cockrell*, 301 F.3d 656, 657-658 (5th Cir. 2002).

[5] In *Ott v. Johnson*, 192 F.3d 510 (5th Cir.1999), the Fifth Circuit, looking to United States Supreme Court Rule 13, held that a state court judgment is not <u>final</u> for *habeas* purposes until the 90 day period for filing a writ of *certiorari* to the United States Supreme Court has expired. However, this rule applies only in making the determination of "<u>finality of judgment</u>" under §2244(d)(1), since that statute calculates finality as "... <u>the expiration of the time for seeking</u>..." <u>direct review</u>. As shown above, petitioner's judgment of conviction became <u>final</u> when the Louisiana Supreme Court Rule X delays for seeking *certiorari* in the Louisiana Supreme Court lapsed. Under *Salinas, supra*, the finality of petitioner's judgment of conviction could not be "un-finalized." *Salinas v. Dretke*, 354 F.3d at 430. The rule enunciated in *Ott* has never been applied to calculate statutory tolling pursuant to §2244(d)(2) since that

Petitioner cannot rely on the doctrine of equitable tolling because his pleadings fail to present any "rare and exceptional circumstances" warranting the application of equitable tolling. See *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998); see also *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000), *reh'g* granted in part, 223 F.3d 797 (5th Cir.2000); *Felder v. Johnson*, 204 F.3d 168, 171- 72 (5th Cir.2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999).[6]

The circumstances of the instant case are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman*, 184 F.3d at 402 (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996).

Further, equitable tolling should only be applied if the applicant has diligently pursued § 2254 relief. *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir.2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000); *Coleman v. Thompson*, 184 F.3d 398, 403 (1999), *cert. denied* 120 S.Ct. 2564 (2000).

In short, petitioner's petition for writ of *habeas corpus* is barred by the provisions of §2244(d)(1)(A) and dismissal on that basis is appropriate.

---

provision looks only to the time that a properly filed post-conviction proceeding is "pending" and even if petitioner's untimely writ application tolled the limitations period during its pendency, it could not serve to toll limitations once the Louisiana Supreme Court denied relief.

[6] Indeed, the undersigned has already given the petitioner the benefits of equitable tolling by reckoning the date petitioner *received* the Third Circuit's opinion as the date it *mailed* the opinion. Further, the undersigned gave petitioner the benefit of an additional day in determining the date petitioner filed his application for *certiorari* in the Louisiana Supreme Court. Nevertheless, even the benefits of these calculations do not permit the finding that petitioner's writ application was filed within the Rule X, §5(a) delays.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on October 10, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)